UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LYNK MEDIA, LLC,

              Plaintiff,

    v.

DEON TAYLOR

              Defendant.

No. 2:24-cv-02706-DJC-AC

ORDER

Pending before the Court is Plaintiff Lynk Media LLC's Motion for Alternative Service on Deon Taylor and a Request for an Enlargement of Time to Effectuate Service (ECF No. 10). Prior to the instant Motion, Plaintiff, through his counsel, provides that the following attempts were made to effect service on Taylor:

- Ran a Transunion "TLO" skip trace search on Taylor (September 18, 2024), which listed a recent address in Granite Bay, California. The TLO search also listed another address in Sacramento, California.
- A process server then attempted to serve Taylor at the Granite Bay address on multiple different occasions (October 22, 2024; October 25, 2024; October 30, 2024; November 2, 2024; and November 4, 2024).

The process server was unable to contact any adult on the property during these five attempts.

- A process server then attempted to serve Taylor at the Sacramento address on multiple occasions (November 8, 2024; November 11, 2024; November 14, 2024; November 17, 2024; and November 19, 2024). The process server was unable to contact any adult at this address and noted that this was a bad address.

- An attempt to serve the registered agent at Hidden Empire Films, LLC, a company which Taylor is alleged to be associated with. (January 22, 2025).

- Mailing a true and accurate copy of the Summons, Complaint and service waiver to Taylor's Granite Bay addresses.

Plaintiff now seeks to serve Taylor pursuant to California Civil Procedure Code §§ 413.30, and/or 415.20(b), and/or Rule 4(d). The methods of service Plaintiff provides are (1) by social media upon Taylor's Instagram account and/or (2) by serving someone in charge at Hidden Empire Films, LLC or Hidden Empire Films, LLC's registered agent.

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) provides that a plaintiff may serve an individual using any method permitted by the law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). California law permits five basic methods of service: (1) personal delivery; (2) delivery to someone else at the party's usual residence or place of business with mailing (known as "substitute service"); (3) service by mail with acknowledgment of receipt; (4) service on persons outside the state by certified or registered mail with a return receipt requested; and (5) service by publication. Cal. Civ. Proc. Code §§ 415.10, 415.20, 415.30, 415.40, 415.50.

////

1    II.    **DISCUSSION**

2        **A. Substitute Service**

3        Under California Civil Procedure Code § 415.20(b), substitute service can be

4    made at a person's home to an individual who is "apparently in charge of his . . .usual

5    place of abode, usual place of business, or usual mailing address other than a United

6    States Postal Service post office box. . ." in the presence of a competent member of

7    the household who is apparently in charge.  Cal. Civ. Proc. Code § 415.20(b).  This

8    method of service is allowed where it has been shown that "a copy of the summons

9    and complaint cannot with reasonable diligence be personally delivered to the

10    person to be served." *Id.*

11        The Court finds that Plaintiff has shown reasonable diligence given the outlined

12    efforts to personally serve Taylor described above.  *See Produce v. Cal. Harvest*

13    *Healthy Foods Ranch Mkt.,* No. 4:11-cv-04814-YGR, 2012 WL 259575, at *4 (N.D. Cal.

14    Jan. 27, 2012) (noting that "two or three attempts" were needed to satisfy the

15    "reasonable diligence" requirement).  Here, one method Plaintiff proposes to serve

16    Taylor is by "service upon someone in charge at Hidden Empire Films, LLC and/or

17    Hidden Empire Films, LLC's registered agent."  The Court is satisfied that Plaintiff has

18    been reasonably diligent in attempting to personally serve Taylor.  Furthermore,

19    Plaintiff has explained to the Court that Taylor, an American Filmmaker and public

20    figure, is the General Partner of Hidden Empire Film L.P., which suggests that it is

21    Taylor's "own business enterprise."  *See* Cal. Civ. Proc. Code § 415.20 (subd. (b))

22    (defining "usual place of business").  Moreover, it appears that some of the addresses

23    associated with Hidden Empire Film and the TLO search on Taylor overlap such that

24    there appears to be a connection between the two.  Specifically, one of the addresses

25    listed for Taylor in Granite Bay is the same mailing address as is listed for Hidden

26    Empire Film, LLC.

27        Accordingly, Plaintiff's request to serve Taylor via substitute service is

28    GRANTED.

3

**B. Alternative Service**

The Court does not find that alternative service is appropriate at this juncture. Plaintiff requests to serve Taylor through his Instagram account. Plaintiff represents that the last post to this Instagram account was seventeen hours prior to the filing of the instant Motion.  While it seems that the account was active somewhat recently, it is not clear to the Court that Taylor, a public figure, actually runs the Instagram account or that sending a message would not be filtered out due to certain social media settings.  Additionally, there is nothing indicating that Plaintiff has actually communicated with Taylor before through this platform.  *Cf. Williams-Sonoma Inc. v. Friendfinder, Inc.,* No. 3:06-cv-06572-JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (granting alternative service via email where plaintiff established that the email accounts for defendant have been effective methods of communicating with the defendants).

**III.    CONCLUSION**

For the reasons discussed above, Plaintiff's request for substitute service is GRANTED.  Plaintiff is also GRANTED 30 days from the date of this Order to effectuate service on Taylor.  After that time, Plaintiff may file a renewed Motion for Alternative Service detailing the additional efforts made.  Given that this Court has previously issued an Order to Show Cause regarding Plaintiff's failure to effectuate service or request additional time to do so (ECF No. 9), Plaintiff is advised that failure to file by that date either a proof of service or a renewed motion for alternate service will result in dismissal of this action, without prejudice, under Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

Dated:  __**April 30, 2025**__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28