UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LYNK MEDIA LLC,

       Plaintiff,

      v.

DEON TAYLOR,

       Defendant.

No.  2:24-cv-02706 DJC AC

FINDINGS AND RECOMMENDATIONS

This case is before the court on plaintiff's motion for default judgment.  ECF No. 29.  The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19).  The accompanying memorandum is located at ECF No 30.  For the reasons set forth below, the undersigned recommends plaintiff's motion be GRANTED, and that judgment be entered in favor of plaintiff.

## I.    Relevant Background

On October 1, 2024, plaintiff Lynk Media LLC filed this action against defendant Deon Taylor alleging Copyright Infringement under 17 U.S.C §501.  ECF No. 1.  Plaintiff is a professional videography company that has obtained active and valid copyright registrations from the United States Copyright Office (the "USCO") which cover many of its videos, including the video at issue in this case ("the video").  ECF No. 1 at 2.  Defendant is a medical staffing company that owns and operates the Instagram account @deontaylor, which has approximately 218,000 followers.  Id.  This action arises out of defendant's unauthorized use of one of plaintiff's

1

copyrighted videos on its social media account. Id. at 5-6.

A summons was issued on October 1, 2024. ECF No. 2. On March 14, 2025, plaintiff moved for alternative service and an extension of time to complete service. ECF No. 10. The motion was granted. ECF No. 11. On June 6, 2025, plaintiff moved for the court to issue an amended summons. ECF No. 15. An amended summons was issued on July 10, 2025. ECF No. 19. The summons was returned executed on July 14, 2025. ECF No. 20. Defendant did not appear. Plaintiff moved for entry of default on August 14, 2025, and the Clerk of Court entered default against defendant on August 15, 2025. ECF Nos. 21, 22.

Plaintiff now requests that this court grant default judgment in its favor, in the total amount of $20,609.90, a sum is comprised of the following amounts: (1) statutory damages for direct infringement in the amount of $12,500.00; (2) attorneys' fees in the amount of $7,267.50; and (3) costs in the amount of $840.40. ECF No. 30 at 10. Defendant did not respond to the motion for entry of default judgment and has not otherwise appeared in this case.

## II.    Analysis

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court may consider the following factors:

> (1)    the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily disfavored.  Id. at 1472.

Generally, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").  A party's default conclusively establishes that party's liability, although it does not establish the amount of damages.  Geddes, 559 F.2d at 560; cf. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990) (stating in the context of a default entered pursuant to Federal Rule of Civil Procedure 37 that the default conclusively established the liability of the defaulting party).

B.  The Eitel Factors

1.  Factor One: Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment.  See PepsiCo, Inc., 238 F.Supp.2d at 1177.  Here, plaintiff would suffer prejudice if the court did not enter a default judgment because it would be without recourse for recovery.  Accordingly, the first Eitel factor favors the entry of default judgment.

2.  Factors Two and Three: Merits of Claims and Sufficiency of Complaint

The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries.  The court must consider

3

whether the allegations in the complaint are sufficient to state a claim that supports the relief sought.  See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F.Supp.2d at 1175.  Here, the merits of the claims and sufficiency of the complaint favor entry of default judgment.

Plaintiff brings a single cause of action for copyright infringement.  ECF No. 1.  To state a copyright infringement claim, a plaintiff must plausibly allege two things: (1) that it owns a valid copyright in the work at issue, and (2) that the defendant copied protected aspects of the plaintiff's expression.  Tangle, Inc. v. Aritzia, Inc., 125 F.4th 991, 995 (9th Cir. 2025).  "A copyright registration is prima facie evidence of the validity of the copyright and the facts stated in the certificate."  United Fabrics Int'l, Inc. v. C&J Wear, Inc., 630 F.3d 1255, 1257 (9th Cir. 2011) (internal citations omitted).  "Under the Copyright Act, the owner of a copyright has the exclusive right to display its work."  Bell v. Wilmott Storage Servs., LLC, 12 F.4th 1065, 1072 (9th Cir. 2021) (quoting Perfect 10, Inc. v. Giganews, Inc., 847 F.3d 657, 668 (9th Cir. 2017)).

Following entry of default, the court takes the complaint's well-pleaded allegations regarding liability as true.  Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Here, plaintiff has presented the court with an affidavit from the video's author, Oliya Fedun, attesting to the originality of the work and provided an image of the copyright registration number and certificate.  ECF No. 32. The court therefore finds the first element satisfied.

As to the second element, plaintiff must demonstrate "(1) circumstantial evidence of the defendant's access to the copyrighted work; and (2) substantial similarity between the copyrighted work and the defendant's work."  Universal City Studios, Inc. v. Film Ventures Int'l, Inc., 543 F. Supp. 1134, 1140 (C.D. Cal. 1982).  Plaintiff has shown that defendant clearly had access to the video at issue, insofar as it had been published by plaintiff.  As to the second element, plaintiff submitted screengrabs from the original video and the infringing video, which appear to be identical.  ECF No. 1-1 and 1-2.  Plaintiff alleges the video displayed by defendant is an exact duplicate of the video it owns.  ECF No. 1 at 4.  Accordingly, the court finds that the second and third Eitel factors are satisfied.

        3.  Factor Four: The Sum of Money at Stake in the Action

Under the fourth Eitel factor, the court considers the amount of money at stake in relation

4

to the seriousness of defendant's conduct.  The Copyright Act provides that a copyright infringer is liable for either the copyright holder's actual damages and any additional profits from the infringer, or for statutory damages for all infringements involved in the action, with respect to any one work, in a sum of not less than $750 or more than $30,000. 17 U.S.C. § 504(a), (c)(1). Where willfulness is found, statutory damages award may be increased to as much as $150,000. 17 U.S.C. § 504(c)(1)(2).  "Willful copyright infringement, for purposes of the award of statutory damages, requires the defendant's knowledge that his conduct constitutes copyright infringement."  Jackson v. Sturkie, 255 F. Supp.2d 1096, 1101 (N.D. Cal. 2003).  In this case, plaintiff is seeking statutory damages in the amount of $12,500.00 ($2,500.00 for what would have been the licensing fee, multiplied by a factor of five (5) by reason of defendant's willful infringement).  The court finds the requested remedy falls within the bounds of the Copyright Act, is proportionate to the conduct at issue, and favors entry of default judgment.

### 4.  Factor Five: Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its claims and affidavits in support of its allegations. Here, the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists.  See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F.Supp.2d at 1177.

### 5.  Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the court, the court finds no indication that the default was the result of excusable neglect.  See PepsiCo, Inc., 238 F.Supp.2d at 1177.  Plaintiff served the defendant with the summons and complaint.  ECF No. 20.  Moreover, plaintiff served defendant by mail with notice of its application for default judgment.  ECF No. 29 at 3.  Despite ample notice of this lawsuit and plaintiff's intention to seek a default judgment, defendant failed

to defend itself in this action.  Thus, the record supports a conclusion that the defendant has chosen not to defend this action, and not that the default resulted from any excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

6.    Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010).  Accordingly, although the court is cognizant of the policy favoring decisions on the merits – and consistent with existing policy would prefer that this case be resolved on the merits – that policy does not, by itself, preclude the entry of default judgment.

7.   Conclusion: Propriety of Default Judgment

Upon consideration of all the Eitel factors, the court concludes that plaintiff is entitled to the entry of default judgment against defendants.

C.  Terms of Judgment

Having concluded that entry of default judgment is appropriate, the court must now determine the remedy to which plaintiff is entitled.

1.   Statutory Damages

As noted above, plaintiff seeks statutory damages in the total amount of $12,500.00: $2,500.00 for what would have been the licensing fee, multiplied by a factor of five by reason of defendant's willful infringement.  ECF No. 30 at 18.  Statutory damages exist to "provide adequate compensation to the copyright holder and to deter infringement." Desire, LLC v. Manna Textiles, Inc., 986 F.3d 1253, 1271 (9th Cir. 2021) (quoting Frank Music Corp. v. Metro-Goldwyn-Mayer Inc., 886 F.2d 1545, 1554 (9th Cir. 1989)).  They are intended as a "substitute for profits or actual damages" and "should not provide copyright owners a windfall." Id.  "The Ninth Circuit has not adopted uniform criteria for determining the appropriate amount of statutory damages for willful copyright infringement." Curtis v. Illumination Arts, Inc., 33 F. Supp. 3d

6

1200, 1217 (W.D. Wash. 2014).  To guide the statutory damages analysis, district courts turn to four factors used by other circuits and by district courts within this circuit.  Id. (collecting cases).  "The four factors are: (1) the infringers' profits and the expenses they saved because of the infringement; (2) the plaintiff's lost revenues; (3) the strong public interest in ensuring the integrity of copyright laws; and (4) whether the infringer acted willfully."  Id.

The first two factors go to the value of the video: what defendant would have had to pay to license it plus any profits gained by use, and what plaintiff lost by not receiving that licensing fee.  Plaintiff may "seek an award of minimum statutory damages without disclosing any damages calculations but, to avoid a potential windfall, it must provide some evidence of its lost profits or [defendant's] profits if it seeks an award greater than the statutory minimum."  Atari Interactive, Inc. v. Redbubble, Inc., 546 F. Supp. 3d 883, 888–89 (N.D. Cal. 2021), aff'd in part, appeal dismissed in part, No. 21-17062, 2023 WL 4704891 (9th Cir. July 24, 2023).  Here, plaintiff submitted a declaration by the video's author stating that "[b] ased upon the length of time Defendant has displayed my Video, along with the large following on his social media account, I would have licensed it for $2,500."  ECF No. 32 at 4.  The court accordingly assigns $2,500 as the licensing value.

The third and fourth factors governing assessment of statutory damages go to the public interest in deterring copyright infringement and the egregiousness of the defendant's conduct, and a finding of willfulness may support a damages multiplier.  Plaintiff argues that willfulness can be demonstrated by the act of default, despite having received notice of existence of this action by being served.  ECF No. 30 at 19-21.  Further, plaintiff asserts that defendant continues to infringe, despite having been notified of the infringement.  Id. at 21.  Accordingly, the undersigned finds the multiplier appropriate and recommends an award of statutory damages in the amount requested.

### 2. Attorneys' Fees

Plaintiff requests attorneys' fees and costs as prevailing party.  The Copyright Act allows for the award of costs to a prevailing party.  17 U.S.C. § 505.  Plaintiff's demand for costs totals $840.40, a sum consisting of the filing fee in this action ($402.00) and the fee for the service of

7

the summons and complaint ($440.40).  The undersigned finds these costs reasonable and substantiated by the record, and recommends they be awarded in full.

The Copyright Act also permits the award of reasonable attorney's fee to the prevailing party. 17 U.S.C. § 505.  To assess fees, courts utilize a lodestar analysis comprised of the number of hours reasonably spent multiplied by a reasonable hourly rate. Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 582 (9th Cir. 2010).  If the documentation outlining the work is inadequate, the court may reduce the award accordingly.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  Here, plaintiff requests 1.8 hours at the rate of $750 for a senior attorney (30+ years of experience), 11 hours at the rate of $500 for a junior attorney (8 years of experience), and 5.9 hours at the rate of $124 for paralegal work, for a total request of $ 7,267.50 in fees. ECF No. 30 at 30.  Plaintiff submitted adequate billing records to justify the hours expended. ECF No. 31.

As to the rate, the court must be guided by the prevailing market rate in the relevant community; courts refer to the prevailing rate in the community for similar work performed by attorneys of comparable skill, experience, and reputation.  Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011).  While affidavits may provide evidence of the prevailing market rate, they are not conclusive.  Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008).  Courts must also rely on their own familiarity with the market.  Ingram, 647 F.3d at 928.  Courts base their awarded rates on the standards of the legal community in which the court sits, Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997), which in this case means the Sacramento division of the Eastern District of California.

Plaintiff's counsel, who is based in New York, supports the requested rates by citing to cases decided in the Central District of California.  ECF No. 30 at 29.  The court finds the requested rates excessive for the Sacramento, California market.  Recent cases in this district for suits involving specialized areas of law have awarded less.  See, e.g., Love v. Tri-Counties Bank, No. 2:22-cv-01761 TLN CKD PS, 2025 WL 444320, at *6 (E.D. Cal. Feb. 10, 2025) (awarding $690 per hour for an attorney with over 40 years of experience, $480 for an attorney with over 30 years of experience, $380 for an attorney with over 10 years of experience in a case involving the Real Estate Settlement Procedures Act, and collecting cases); Unit 53, Inc. v. Run Roadlines, Inc.,

8

No. 2:24-cv-01718 DJC CSK, 2025 WL 373637, at *2 (E.D. Cal. Feb. 3, 2025) (awarding $635 a partner with more than sixteen years of experience; $620 for an attorney of almost fifteen (15) years of experience; $370 for an associate with over three (3) years of experience; and $310 for an associate with over two (2) years of experience).

Based on a review of recent local rates, the court concludes that plaintiff is entitled to a local rate of $690 for the senior attorney (30+ years of experience) (1.8 hours = $1,242.00), $370 for a junior attorney (8+ years of experience) (11 hours = $4,070), and $125 for paralegal work (5.9 hours = $737.50), for a total award of $6,049.50 in fees.

### III.    Conclusion

It is hereby RECOMMENDED THAT:

1.  Plaintiff's motion for default judgment, (ECF No. 29) be GRANTED;

2.  Plaintiff be awarded $12,500.00 in statutory damages, $840.40 in costs, and $6,049.50 in attorneys' fees, for a total award of $19,389.90.

3.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: February 10, 2026

_Allison Claire_

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE